**In re Linda E. WETZEL, Debtor.**

**Bankruptcy No. 91–21966.**

United States Bankruptcy Court,
W.D. New York.

Jan. 2, 1992.

Joseph C. Rinere, Rochester, N.Y., for debtor.

Russell W. Roberts, Rochester, N.Y., for The Summit Federal Credit Union.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The Summit Federal Credit Union, a creditor in this bankruptcy proceeding, claims that it is entitled to relief from stay under 11 U.S.C. § 362(d) to foreclose on the debtor's vehicle since the debtor has no equity in the automobile. Summit Federal asserts that the security agreement which it entered into with the debtor encompassed prior and future advances in addition to the loan detailed in the agreement. The debtor asserts that there is only one loan, of which $2,913.12 remains to be paid, which is secured by the automobile. Since the value of the car is $6,875 according to the National Automobile Dealers Association Appraisal Guide, the debtor has equity in the car; and the debtor has been making regular monthly payments on the car, a relief from stay should not be granted.

There is no dispute between the parties that the debtor entered into a security agreement on September 9, 1986 in which $20,000 was loaned to the debtor and a 1986 Nissan 300zx was pledged as security. This security interest was validly perfected on the Certificate of Title. Summit Federal claims that the vehicle also secured a prior loan of July 29, 1986 and two later loans of December 20, 1986 and January 4, 1988 by the terms of the agreement.

The issue is whether the agreement included a dragnet clause which operated to make the automobile a security for prior and future loans.

Under U.C.C. § 9–204(3), adopted in New York, agreements may provide that collateral secures both current and future advances. New York courts have construed future advance clauses liberally but the contractual provisions must be clear and unambiguous. *In re Riss Tanning Corp.*, 468 F.2d 1211, 1213 (2d Cir.1972).

In *Riss Tanning Corp.*, the Second Circuit found that the agreement encompassed a contemporaneously made real estate mortgage because the language was effective and sufficient to put a subsequent creditor on notice: "as well as for payment

of any other obligation or liability ... due or to become due whether *now existing or hereafter existing.*" *Id.* (emphasis added). Similar language was held to be clear and unambiguous and effective to continue the security on future loans in *National Bank of Northern New York v. Shaad,* 60 A.D.2d 774, 775, 400 N.Y.S.2d 965 (1977): "the collateral secured *any and all indebtedness* of the debtor to the bank *now existing or hereafter incurred.*" *Id.* at 774 (emphasis added).

The language in the instant security agreement does not use the same clear and unambiguous language. It does not suggest that the agreement secures any other loans by using language such as "now existing or hereafter incurred" as in *Riss Tanning* and *Shaad* which indicates present and future loans made. Under the Promissory Note and Security Agreement section it states:

> Security to make sure I pay back this loan and meet all of my obligations to you at any time, I give you a security interest and/or pledge of the following property ...

The details of the automobile pledged followed the quoted language. It is not clear from this language whether the automobile secures any other loans. The word "obligation" is not defined in the agreement and from the additional provisions on the back of the agreement could be interpreted to mean the obligations of maintaining, insuring or protecting the secured property.

The court is also referred to the back of the document for evidence of securing future advances which states:

> Conditions under which loan becomes immediately due. Without giving me notice, you can require I immediately repay the entire loan, including interest and expenses, if:
> 1. I do not make any payment on time on any loan I have with you; or ...

This section is an acceleration clause and does not refer to other loans as being secured by the same property but that the loan in the agreement will be immediately due if the other loans with Summit Federal are not paid.

No where in the agreement is there language in which the automobile secures present or future advances such as "now existing and hereafter incurred." Therefore, the security agreement does not have clear and unambiguous statements of securing present and future loans and on its face the automobile only secures the $20,-000 loan. The balance of the loan is $2,912.00. Since the car is valued at $6,875.00, the debtor has equity in the car. In addition, the debtor has been making regular payments on the loan. Therefore, relief from the automatic stay is not warranted at this time under 11 U.S.C. § 362(d) since the debtor has equity in the property and the creditor is adequately protected and it is so ordered.